O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEVEN DWAYNE BROWN, | ) | Case No. 15-06050-FMO-JEM |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER DENYING PLAINTIFF'S** |
| v. | ) ) | **MOTION TO RECUSE JUDGE** **OLGUIN** |
| SERGIO TREJO, et al., | ) ) | [Dkt. 192] |
| Defendants. | ) ) ) | |

    Presently before the court is Plaintiff Steven Dwayne Brown's Motion to Recuse Judge Olguin, (Dkt. 192). Plaintiff seeks to recuse Judge Olguin under 28 U.S.C. § 455(a). Having reviewed Plaintiff's submission, the court DENIES the motion and adopts the following order.

    Plaintiff asserts that Judge Olguin has a "deep seated antagonism" toward Plaintiff, as evidenced by Judge Olguin's "tight lipped denials of plaintiff's objections timely filed under 28 U.S.C. § 636(b)(1)(B)." (Pl.'s Mot. at 2). Under Section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning

a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Here, Plaintiff has not established that Judge Olguin's impartiality could reasonably be called into question. Plaintiff claims that "[t]he court deliberately displays antagonism towards plaintiff by not responding to the arguments or pleadings or plaintiff in its orders denying plaintiff relief. . . and by repeating the exact same words to antagonize Plaintiff. . . ." (*Id*. at 3). Plaintiff further argues that Judge Olguin "did not review [the discovery orders] de novo as required by statute." (*Id*. at 3). Contrary to Plaintiff's representation, the non-dispositive discovery orders to which Plaintiff objects "must be deferred to unless 'clearly erroneous or contrary to law.'" *See Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to de novo determination." *Merritt v. Int'l Broth. of Boilermakers*, 649 F.2d 1013, 1017 (9th Cir. 1981). Accordingly, the district court did not display antagonism toward Plaintiff by applying the improper standard of review. Nor do the brief denials of Plaintiff's objections constitute sufficient grounds for recusal on the basis of "deep-seated and unequivocal antagonism" toward Plaintiff "that would

2

render fair judgment impossible" in this action.  *F.J. Hanshaw Enters.*, 244 F.3d at 1144-45.  Accordingly, Plaintiff's Motion to Recuse Judge Olguin is DENIED.

**IT IS SO ORDERED.**

Dated: December 5, 2017

                                                 DEAN D. PREGERSON
                                     UNITED STATES DISTRICT JUDGE